IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) | CIV. NO. 11-00707 DAE-BMK |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT AND ACTION |
| vs. | ) ) | |
| CORRECTIONAL OFFICER MOMOA, WITNESS SERGEANT BERNARD KUANUU, JR., INMATE SILVA, | ) ) ) ) | |
| Defendants. | ) ) | |

### **ORDER DISMISSING COMPLAINT AND ACTION**

Before the court is *pro se* Plaintiff Gerald Lewis Austin's prisoner civil rights complaint. Austin is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding *in forma pauperis*. ECF #4. Austin names Adult Correctional Officer ("ACO") Sergeant Momoa ("Momoa") in his official capacity, alleging that Momoa improperly handled Austin's mail by allowing inmate Silva to deliver it to Austin.[1]

Austin's Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

### **I. STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a

---

[1] Austin names ACO Kuanuu and inmate Silva in the caption, but clarifies within the Complaint that his claims are against Momoa only.

governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Austin claims that, on or about August 30, 2011, Momoa gave the prison's incoming mail to inmate Silva to distribute to other inmates. Austin does not allege that Silva opened his personal or legal mail; he simply alleges that Momoa gave the inmates' mail to Silva to distribute. Austin attaches an informal grievance resolution to his complaint that shows that prison policy is that inmates may not handle other inmates' mail and that Momoa was informed of this. Austin seeks $1 million. The court construes Austin's claim as alleging a violation of the First Amendment.[2]

A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)) (internal quotation marks omitted). Prisoners therefore retain a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407(1989)).

Austin generally alleges that the mail Silva delivered contained legal and non-legal mail. Prison officials may inspect

---

[2] Austin raised similar claims against another ACO, regarding an incident in 2010, in *Austin v. Stevens*, Civ. No. 1:11-cv-00690 SOM. That action was dismissed without leave to amend for failure to state a claim on November 23, 2011.

nonlegal mail for contraband without violating a prisoner's constitutional rights. It therefore follows that a prisoner has no right to keep the envelopes of nonlegal mail private. Given that, there can be no question that nonlegal mail may be delivered by one inmate to another in the manner Austin describes. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (9th Cir.1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail).

"[L]egal mail may be opened in the presence of the addressee and . . . prison officials can require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (citing *Wolff v. MacDonald*, 418 U.S. 539, 575-77 (1974)). Austin does not allege that his mail was opened, nor does he identify the type of "legal" mail he is referring to. "[M]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Additionally, an isolated instance or an occasional opening of legal mail outside of an inmate's presence does not rise to the level of a constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989). In light of this, Momoa's direction to Silva on August 30, 2011, to deliver

the mail, legal or personal, to another inmate does not set forth a constitutional violation.  As noted, Momoa has been informed that he should not in the future give the mail to one inmate to deliver to the others.  Violating a prison rule does not necessarily violate the constitution or create a cause of action under § 1983.  *See Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.").

While allegations that mail delivery was delayed for an *inordinate* amount of time are sufficient to state a claim for violation of the First Amendment, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996), isolated delays or some other relatively short-term disruption in delivery of inmate mail is not enough to support a First Amendment claim when the delay or disruption is not content-based.  *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (an isolated incident of delay generally is insufficient to raise a § 1983 claim).  Austin does **not** allege that his mail was delivered late because of Momoa's direction.

Austin fails to state a claim regarding the handling of his mail.  This court cannot conceive of any additional facts that would be sufficient to show that Momoa violated Austin's constitutional rights by directing Silva to deliver the incoming mail to Austin on one occasion, rather than handing the mail to

Austin himself.  As amendment is futile, Austin's Complaint and action are DISMISSED with prejudice for failure to state a claim.

### III. CONCLUSION

IT IS HEREBY ORDERED that:

Austin's Complaint and this action are DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 1, 2011.



_____
David Alan Ezra
United States District Judge

*Austin v. Momoa, et al.*, Civ. No. 11-00707 DAE, Order Dismissing Complaint and Action; psa/Screening/dmp/ 2011/Austin 11-707 DAE (dsm ftsc [mail handling])